# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**WILLIAM WALLACE,**

    **Plaintiff,**

**v.**                                      **CASE NO.: 4:21-CV-00461-MW-MAF**

**AMANDA RALPH,**
**et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, William Wallace, a prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 and filed a motion to proceed *in forma pauperis* (IFP) without the requisite inmate account statement detailing all transactions for the past six months. ECF No. 1, 2. The Court screened the initial complaint, found it legally insufficient, and ordered Plaintiff to amend by December 23, 2021. ECF No. 4. The Court also ordered Plaintiff to submit the account statement by the same date. Id. As of the drafting of this Report, Plaintiff has not complied with the Court's order. For the reasons stated below, the complaint should be dismissed without prejudice and the case closed.

**I.   Initial Screening per 28 U.S.C. § 1915(e)(2)(B) and 1915A(b)**

Because Plaintiff is a prisoner, his complaint requires a preliminary review and initial screening 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Pursuant to the statutes, the Court must dismiss a prisoner's complaint, or any portion thereof, if it is frivolous, malicious, fails to state a claim or seeks damages from defendants who are immune. A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008). A district court also may dismiss a complaint if the facts as pled do not state a claim for relief that is plausible on its face. Sinaltrainal v Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). A *pro se* litigant's allegations are entitled to the benefit of liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." GJR Invs. v. Cty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir.1998) (overruled on other grounds by Iqbal, 556 U.S. at 662).

"Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."

Case No.: 4:21-CV-00461-MW-MAF

Id. Conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true." Iqbal, 556 U.S. at 681. To escape dismissal, the complaint must allege facts sufficient to move claims "across the line from conceivable to plausible." Id. "The plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' . . . The complaint's allegations must establish 'more than a sheer possibility that a defendant has acted unlawfully.'" Franklin v. Curry, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting Iqbal, 556 U.S. at 678).

## II.   Plaintiff's Complaint, ECF No. 1.

Plaintiff sues Amanda Ralph, the assistant warden, and "John Doe" the A-dorm sergeant for their failure to protect him from an inmate attack, which occurred at Jefferson Correctional Institution on August 11, 2018, at approximately 2:00 a.m. ECF No. 1, pp. 2, 5-6. Plaintiff does not indicate whether he is suing the defendants in their individual or official capacities. Id. According to Plaintiff, he was brushing his teeth in the communal bathroom of the A-2 dorm when he was attacked from behind by a fellow inmate, Javier Burgos. Id., p. 5. Burgos slashed the left side of Plaintiff's face with a blade. Id. Plaintiff maintains the incident was unprovoked. Id.

Plaintiff was initially taken to the prison's medical triage and then transported by ambulance to the Tallahassee Memorial Hospital emergency room. Id. Plaintiff needed thirty-one stitches from his eye level to his temple. Id. Plaintiff was permanently disfigured; suffered muscle and nerve damage; and has impaired peripheral vision, headaches, post-traumatic stress, anxiety, and panic attacks. Id.

Plaintiff alleges that, prior to the attack, he wrote to the dorm sergeant and Defendant Ralph about Inmate Burgos who was assigned to a bunk directly next to Plaintiff. Id., p. 6. Plaintiff does not say when he raised concerns or what concerns were allegedly reported to Defendants. Id. He only states, generally, that he informed Defendant Ralph he was concerned about what Burgos would do while he slept. Id. Plaintiff claims Defendant Ralph ignored him and promised to address the issue during inspections on a Wednesday, but she never did. Id. Plaintiff claims Defendant Doe knew there was an "obvious threat to Plaintiff's health, life, and safety" but refused to move him away from Burgos. Id. Plaintiff generally claims Burgos posed a threat to him and others in the dormitory. Id.

Pro se litigants are entitled to liberal construction of their pleadings; however, they are required to conform to procedural rules. See Loren v. Sasser, 309 F. 3d 1296, 1304 (11th Cir. 2002); see also McNeil v. United

States, 508 U.S. 103, 113 (1993); Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("once a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.").

### III. Shotgun Pleadings are Not Permissible

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation marks and alterations omitted). "Further, the allegations in the complaint 'must be simple, concise, and direct,'" Fed. R. Civ. P. 8(d)(a), and the complaint must 'state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances,' Fed. R. Civ. P. 10(b)." LaCroix v. W. Dist. of Ky., 627 F. App'x 816, 818 (11th Cir. 2015).

"A 'shotgun pleading' - one in which 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief'— does not comply with the standards of Rules 8(a) and 10(b)." Id. (citations omitted). The Eleventh Circuit "has repeatedly condemned shotgun pleadings." Id. (citing PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.,

Case No.: 4:21-CV-00461-MW-MAF

598 F.3d 802, 806 n.4 (11th Cir. 2010)). Vague pleadings which assert legal conclusions rather than facts violate Rule 8 and are insufficient to proceed.

The Eleventh Circuit has identified four rough types or categories of shotgun pleadings. See Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (citations omitted). The most common type is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." Id. at 1321. Next, is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id. at 1322. The third type of shotgun pleading does not separate "into a different count each cause of action or claim for relief." Id. at 1323.

"Fourth, and finally, there is" the pleading which asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id. "The unifying characteristic . . . is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id.

As narrated above, Plaintiff names the assistant warden and the dorm sergeant but provides does not provide any facts about when he informed Defendants about Inmate Burgos or what he told them to put them on notice that Burgos posed a substantial risk of serious harm to Plaintiff. Plaintiff's general assertions that Defendants failed to respond to his concerns, without more, fails to support his claims.

Plaintiff cannot simply "plead the bare elements of [a] cause of action" but must provide facts which present a "plausible claim for relief" to survive a motion to dismiss. See Randall v. Scott, 610 F.3d 701-708-09 (11th Cir. 2010) (concluding there is no "heightened pleading standard" under Rule 8, including civil rights complaints) (citing Ashcroft v. Iqbal, 556 U.S. 662, 687 (2009)). Legal conclusions are insufficient.

## IV.    Failure to Comply with Court Orders, Fed. R. Civ. P. 41(b)

The Eleventh Circuit has explained that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). Such authority includes the power to dismiss a case for failure to prosecute or for failure to comply with a court order under Fed. R. Civ. P. 41(b). Id.

Case No.: 4:21-CV-00461-MW-MAF

Dismissal of the complaint is warranted under Rule 41(b). "The legal standard to be applied under Rule 41(b) is whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) (internal quotes omitted); accord. Gratton v. Great American Communications, 178 F.3d 1373, 1374 (11th Cir. 1999). The Court cannot proceed with a complaint which amounts to a shotgun pleading where Plaintiff has failed to amend his complaint in accordance with the Court's order. Furthermore, Plaintiff did not follow the Court's order to refile the IFP motion along with his inmate account statement detailing all transactions for the past six months, or to alternatively, pay the $402 filing fee. See ECF No. 4. Plaintiff's amended complaint and IFP motion with the inmate account statement or payment of the filing fee, were due by **December 23, 2021**. The Court advised Plaintiff that failure to follow Court orders could result in a recommendation of dismissal. Id.

## V.   Conclusion and Recommendation

It is respectfully RECOMMENDED that Plaintiff's complaint, ECF No. 1, be DISMISSED without prejudice because it is an impermissible shotgun pleading and for failure to comply with court orders pursuant to Fed. R. Civ. P. 41(b) and N.D. Fla. L. R. 41.1 See also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy,

dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). Finally, it is also recommended that the case be CLOSED and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

IN CHAMBERS at Tallahassee, Florida on January 10, 2022.

> s/ Martin A. Fitzpatrick
> **MARTIN A. FITZPATRICK**
> **UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).

Case No.: 4:21-CV-00461-MW-MAF